IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN H. WARD, *et al.*,

    Plaintiffs,

vs.                                                  Civil Action 2:14-cv-848
                                                        Judge Watson
                                                        Magistrate Judge King

TODD RAWLAKE, *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

    This is an interpleader action under Rule 22 of the Federal Rules of Civil Procedure. The case arises out of a confidential settlement reached between plaintiffs and defendant Todd Rawlake in *Todd Rawlake v. John H. Ward, et al.*, 2:13-cv-255 (S.D. Ohio) (the "Prior Action"). Defendant Jim S. Hall & Associates, LLC, a Louisiana law firm, claims a portion of the settlement proceeds based on an alleged contingency agreement with defendant Rawlake. Defendant Rawlake asserts a claim to the entire settlement amount and asserts crossclaims against defendant Jim S. Hall & Associates, LLC, for breach of contract, tortious interference, and legal malpractice.

    This matter is now before the Court, upon a specific order of reference pursuant to 28 U.S.C. § 636(b)(1)(B), *see Order*, ECF 36, for consideration of *Plaintiffs' Motion for Order to Deposit Funds* ("*Plaintiffs' Motion*"), ECF 21. Plaintiffs seek an order

> (1) granting Plaintiffs leave to deposit the funds at issue with the Court; (2) discharging Plaintiffs of all liability relating to the funds at issue; (3) discharging Plaintiffs from this action upon the surrender of the funds at issue to the Court; and (4) awarding Plaintiffs their attorneys'

fees and costs incurred in this interpleader action. *Id*. at p. 1.

Defendants oppose *Plaintiffs' Motion* in part. Defendant Rawlake does not oppose plaintiffs' request to deposit funds with the Court, but he disputes the amount of funds to be deposited and argues that plaintiffs are not entitled to attorneys' fees. *Defendant Todd Rawlake's Response to Plaintiffs' Motion for Order to Deposit Funds* ("*Defendant Rawlake's Response*"), ECF 25. Defendant Jim S. Hall & Associates, LLC, does not oppose plaintiffs' request to deposit funds with the Court, but argues that plaintiffs are not entitled to attorneys' fees. *Memorandum of Defendant/Cross Claimant, Jim S. Hall & Associates, LLC and Jim S. Hall in Partial Opposition to Plaintiffs' Motion for Order to Deposit Funds* ("Defendant *Hall's Response*"), ECF 26.  Plaintiffs seek to deposit $76,520 with the Court, *i.e.,* the amount claimed by defendant Jim S. Hall & Associates, LLC.  Defendant Rawlake argues that only $50,000 should be deposited with the Court and that plaintiffs should pay the difference. *i.e.,* $26,520, directly to defendant Rawlake pursuant to the terms of the settlement agreement.  According to defendant Rawlake, plaintiffs' failure to pay the difference directly to defendant Rawlake constitutes a breach of the settlement agreement.

*Plaintiffs' Reply*, ECF 27, represents that defendant Rawlake "is currently threatening to obtain cognovit judgments against Plaintiffs for part of the Disputed Sum." *Id*. at p. 5. *Plaintiffs' Reply* seeks to "enjoin Defendants from commencing, prosecuting, or continuing with

2

any proceedings against Plaintiffs over the Disputed Sum, including the threatened cognovits action." *Id*. Defendant Rawlake was granted leave to file a sur-reply, ECF 32. *Order*, ECF 30; *Opinion and Order*, ECF 38. This matter is now ripe for consideration.

Under Federal Rule of Civil Procedure 22, "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a). Interpleader actions typically proceed in two stages. "During the first stage, the court determines whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader." *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007). "During the second stage, the court determines the respective rights of the claimants to the fund or property at stake via normal litigation processes, including pleading, discovery, motions, and trial." *Id*. Once it is determined that interpleader is available, a court "may issue an order discharging the stakeholder, if the stakeholder is disinterested, enjoining the parties from prosecuting any other proceeding related to the same subject matter, and directing the claimants to interplead." *Id*. (internal quotations omitted).

In the case presently before the Court, plaintiffs seek to deposit $76,520 with the Court and ask that they be discharged from the case. Plaintiffs acknowledge that $76,520 is payable to one or

3

more of the defendants and they represent that they cannot determine who is entitled to the funds without risking multiple liability.  *See Complaint for Rule 22 Interpleader* ("*Complaint*"), ECF 1, ¶¶ 22-26; *Plaintiffs' Motion*, PAGEID 125.  Defendant Jim S. Hall & Associates, LLC, "does not oppose the deposit of the disputed sum in the amount of $76,520, the discharge of Plaintiffs from further liability for the fund, or the discharge of Plaintiffs from further participation in this litigation."  *Defendant Hall's Response*, p. 1.  Defendant Rawlake "consents to Plaintiffs' request to interplead," but argues that the settlement agreement calls for only $50,000 to be interplead. *Defendant Rawlake's Response*, p. 6.  Although defendant Rawlake argues that only $50,000 is in dispute, he also acknowledges that "Attorney Hall demanded payment of $76,520 and threatened legal action against Plaintiffs."  *Id*. at p. 2.  Moreover, resolution of defendants' cross-claims will determine the rights of each defendant with respect to the $76,520 claimed by defendant Jim S. Hall & Associates, LLC.

Defendant Rawlake next argues that plaintiffs acted in breach of the settlement agreement by seeking to deposit $76,520 with the Court because the settlement agreement apparently calls for only $50,000 to be interpled and for the remainder to be paid to defendant Rawlake. *Defendant Rawlake's Response*, pp. 5-6.  However, defendant Rawlake has not asserted a counterclaim for breach of the settlement agreement. In any event, an interpleader action "shield[s] the interpleader-plaintiff from liability for counterclaims where the 'counterclaims are essentially based on the plaintiff's having opted to proceed via

4

an interpleader complaint rather than having chosen from among adverse claimants.'" *Wachovia Bank, N.A. v. Zomax Inc.*, No. 2:09-CV-0076, 2009 WL 3698443, at *4 (S.D. Ohio Nov. 3, 2009) (quoting *Metro. Life Ins. Co. v. Barretto,* 178 F. Supp. 2d 745, 748 (S.D. Tex. 2001)). Here, defendant Rawlake's argument that plaintiffs acted in breach of the settlement agreement is based on plaintiffs' decision to interplead the disputed funds rather than choose which defendant is entitled to some or all of the funds. Even if, as defendant Rawlake argues, the settlement agreement provided for only $50,000 to be interplead, that does not change the fact that defendant Jim S. Hall & Associates, LLC, has claimed a contingent lien on the settlement proceeds in the amount of $76,520. *See e.g.*, *Plaintiffs' Motion*, Exhibit 4. Accordingly, the Court finds that $76,520 is in dispute.

In short, the Court concludes that this is a proper action for interpleader for the disputed sum of $76,520.[1] It is therefore **RECOMMENDED** that plaintiffs be permitted to deposit $76,520 with the Court, be discharged of all liability relating to the deposited funds, and be discharged from this action. It is **FURTHER RECOMMENDED** that defendants be enjoined from prosecuting any other proceeding related to the deposited funds.

*Plaintiffs' Motion* also seeks an award of attorneys' fees and costs incurred in bringing this interpleader action. "[A] federal court has discretion to award costs and counsel fees to the stakeholder in an interpleader action . . . whenever it is fair and

---

[1] The Court is vested with diversity jurisdiction under 28 U.S.C. 1332. *See Complaint*, ¶¶ 2-11; ECF 5, ¶¶ 2-5, 28; ECF 9, p. 7; ECF 10, ¶¶ 2-11.

5

equitable to do so." *Holmes v. Artists Rights Enforcement Corp. (AREC)*, 148 F. App'x 252, 259 (6th Cir. 2005) (internal quotations omitted).  "An interpleading party is entitled to recover costs and attorney's fees when it is (1) a disinterested stakeholder, (2) who has conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability." *Id*. (citing *Septembertide Publishing v. Stein and Day,* 884 F.2d 675 (2d Cir. 1989)).  "The only limiting principle is reasonableness, and it is at the discretion of the Court to determine what award is appropriate." *Id*.

Plaintiffs argue that they are entitled to an award of attorneys' fees because they are "completely disinterested in this dispute as to who is the rightful beneficiary of the Disputed Sum" and were forced to bring this action through no fault of their own. *Plaintiffs' Motion*, PAGEID 126-27.  Plaintiffs argue that they attempted to resolve this dispute by offering to place the disputed funds into an escrow account, but were forced to bring this action when defendant Rawlake would not agree to escrow the disputed funds. *Plaintiffs' Motion*, PAGEID 126-27; *Plaintiffs' Reply*, p. 7; *Declaration of James P. Schuck, Esq.*, attached to *Plaintiffs' Reply* as Exhibit 1, at ¶ 3. Both defendants challenge plaintiffs' request for attorneys' fees and costs, reasoning that plaintiffs agreed to file this interpleader action in the settlement agreement, that the settlement agreement makes no provision for the payment of attorneys' fees or costs from the disputed sum, and that the settlement agreement provides that each

party will bear their own litigation costs.  *Defendant Hall's Response*, pp. 1-3; *Defendant Rawlake's Response*, pp. 6-8.

Plaintiffs and defendant Rawlake entered into a confidential settlement agreement in the Prior Action in July 2014.  That agreement required plaintiffs to file an interpleader action and deposit funds with the Court pending resolution of defendants' dispute over attorneys' fees.  *See Confidential Release and Settlement Agreement*, attached to *Defendant Rawlake's Response* as Exhibit A, at ¶ 6.  The agreement does not address attorneys' fees for the interpleader action, but it provides that the "Parties shall each bear their own litigation costs, expenses, and attorneys' fees in any way relative to the Lawsuit," *i.e.*, the Prior Action.  *Id*. at pp. 1, 5.

Plaintiffs agreed as part of their settlement of the Prior Action to file this interpleader action.  Although the settlement agreement does not expressly address the issue of attorneys' fees for this action, it required the parties to bear their own "attorneys' fees in any way relative to the [Prior Action]."  *Id*. at p. 5.  It is difficult to see how the filing of this action would not be "relative" to the Prior Action when one of terms of settlement of the Prior Action required plaintiffs to file this action.  Moreover, because plaintiffs agreed to file this action as part of their negotiated settlement agreement, the Court concludes that it would be neither fair nor equitable to award plaintiffs attorneys' fees when the settlement agreement did not contemplate such an award.  Accordingly,

7

it is **RECOMMENDED** that plaintiffs' request for attorneys' fees be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to

preserve an issue for appeal . . . .") (citation omitted)).


March 20, 2015                             *s/Norah McCann King*
                                           Norah M<sup>c</sup>Cann King
                                       United States Magistrate Judge