UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

John H. Ward, *et. al.*,

  Plaintiffs,

v.                                                              Case No. 2:14-cv-848

Todd Rawlake, *et. al.*,                              Judge Michael H. Watson

  Defendants.

## OPINION AND ORDER

John H. Ward d/b/a Ward Whitetail Farm, Billy Joe Sage, Jr. d/b/a S&S Whitetail Galore, and WF Farm LLC (collectively, "Plaintiffs") object to Magistrate Judge King's report and recommendation ("R&R") recommending the Court deny Plaintiffs' request for attorneys' fees. Obj., ECF No. 42. Jim S. Hall & Associates, LLC and Jim S. Hall (collectively, "Hall"), and Todd Rawlake ("Rawlake") (together with Hall, "Defendants") oppose Plaintiffs' objection. For the following reasons, the Court **OVERRULES** Plaintiffs' objections and **ADOPTS** the R&R in full.

**I.  FACTS & PROCEDURAL HISTORY**

This is an interpleader action filed under Federal Rule of Civil Procedure 22, stemming from a confidential settlement agreement between Plaintiffs and Defendant Rawlake in *Todd Rawlake v. John H. Ward, et. al.*, 2:13-cv-255 (S.D. Ohio) (the "Prior Lawsuit"). The Prior Lawsuit arose from a dispute between

Plaintiffs and Rawlake over the operation of their partnership (the "Energizer Partnership"), which was formed for the purpose of raising a whitetail buck name "Energizer" and selling straws of Energizer's semen throughout the United States. On April 9, 2014, Plaintiffs and Rawlake attended mediation and agreed in principle to settle the Prior Lawsuit. Among other things, Plaintiffs agreed to pay Rawlake a portion of the Energizer Partnership proceeds in exchange for Rawlake's share in the Energizer Partnership. Subsequently, Hall, who was Rawlake's counsel in the Prior Lawsuit, asserted entitlement to a portion of the settlement proceeds totaling $76,520 (the "Disputed Sum"), based on an alleged contingency agreement between Hall and Rawlake.

On April 30, 2014, Magistrate Judge Kemp[1] conducted a status conference that was attended by all parties. The parties discussed placing the Disputed Sum in escrow. Rawlake refused. In the weeks following the conference, Plaintiffs and Rawlake entered into a formal settlement agreement, in which Plaintiffs agreed to deposit the Disputed Sum with the Court through an interpleader action. Release and Settlement Agreement ¶ 6, Ex. A, PageID # 160, ECF No. 25-1. In the same settlement agreement, the parties each agreed to pay "their own litigation costs, expenses, and attorneys' fees in any way relative to the Lawsuit." *Id.* § C. Thereafter, in accordance with the settlement agreement, Plaintiffs initiated this interpleader action.

---

[1] This interpleader action was first assigned to Magistrate Judge Kemp and later transferred to Magistrate Judge King.

Plaintiffs moved in this case to: (1) deposit the entire Disputed Sum with the Court, (2) be discharged of all liability relating to the Disputed Sum, (3) be discharged from the action upon the surrender of the Disputed Sum to the Court, and (4) be awarded their attorneys' fees and costs incurred in bringing and prosecuting this interpleader action. ECF No. 21.

Rawlake opposed the motion, contending that Plaintiffs should only deposit $50,000 with the Court, the amount to which Rawlake believed Hall was entitled. Rawlake threatened to obtain cognovit judgments against Plaintiffs for the remaining $26,520 of the Disputed Sum, arguing that their failure to pay that amount directly to him would constitute a breach of the settlement agreement. Rawlake also opposed awarding Plaintiffs attorneys' fees incurred in bringing the interpleader action.

Hall did not oppose Plaintiffs' request to deposit the entire Disputed Sum with the Court but agreed with Rawlake that Plaintiffs were not entitled to attorneys' fees. Mem. in Opp'n 1, PageID # 183, ECF No. 26.

Plaintiffs' motion was referred to Magistrate Judge King for an R&R pursuant to 28 U.S.C. § 636(b)(1)(B). ECF No. 36. Magistrate Judge King recommended the Court grant Plaintiffs' motion for an order to deposit the entire Disputed Sum with the Court, discharge Plaintiffs of all liability relating to the deposited funds, and discharge Plaintiffs from this action. R&R 5, ECF No. 41. She further recommended that Defendants be enjoined from prosecuting any

other proceeding related to the deposited funds. *Id.* Additionally, Magistrate Judge King recommended denial of Plaintiffs' request for attorneys' fees. *Id.*

Plaintiffs timely object to the portion of the R&R that recommended denial of their request for attorneys' fees. Hall and Rawlake both oppose Plaintiffs' objection, and Hall argued that if the objection is sustained, the attorneys' fees should be paid by Rawlake rather than deducted from the Disputed Sum. The remaining portions of the R&R are not opposed by any party.

## II.     STANDARD OF REVIEW

Magistrate Judge King issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The Undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

## III.    ANALYSIS

*Holmes v. Artists Rights Enforcement Corp. (AREC)*, states that federal courts have discretion to award attorneys' fees and costs to an interpleading party whenever it is fair and equitable to do so. 148 F. App'x 252, 259 (6th Cir. 2005) (citing 7 Wright, Miller & Kane, Federal Practice and Procedure: Civil § 1719 (3d ed. 2001)). *Holmes* sets forth four equitable factors that favor an award of attorneys' fees: "An interpleading party is entitled to recover costs and attorney's fees when it is (1) a disinterested stakeholder, (2) who has conceded

liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability." *Id.* (citing *Septembertide Publ'g v. Stein and Day*, 884 F.2d 675, 683 (2d Cir.1989)). "The only limiting principle is reasonableness, and it is at the discretion of the Court to determine what award is appropriate. *Id.* (citing 7 Wright, Miller & Kane, supra, § 1719); *see also Unicare Life & Health Ins. Co. v. Thomas*, No. 04–75037, 2006 WL 435669, at *1 (E.D. Mich. Jan. 19, 2006) ("It is the court's discretion to determine what award is appropriate and reasonable."). Notably, in determining reasonableness, courts have considered such factors as whether the interpleader action was necessary and whether the interpleader-plaintiff warned the other parties that it would seek attorneys' fees. *Compare Holmes*, 148 F. App'x at 259 (awarding fees where plaintiff warned of its intent to seek the same), *with Great Am. Life Ins. Co. v. Dixon*, 20 F. Supp. 3d 613, 620 (S.D. Ohio 2014) (denying fees because interpleader action was unnecessary and party did not warn of its intent to seek fees), *aff'd on other grounds*, No. 14–3533 (6th Cir. June 05, 2015).

Plaintiffs contend that Magistrate Judge King failed to properly apply and analyze the four *Holmes* factors to this case and indicate that because they meet each factor, they are automatically entitled to attorneys' fees.

Rawlake responds that Magistrate Judge King correctly applied the *Holmes* test by determining whether to award attorneys' fees based, more broadly, on what is reasonable under the circumstances. Both Rawlake and Hall

assert that even if a party satisfies all four *Holmes* factors, the Court's decision to award attorneys' fees is entirely discretionary, not automatic.

The Court concludes that Magistrate Judge King properly considered and applied the over-arching principles of fairness, equity, and reasonableness when she recommended denying Plaintiffs attorneys' fees. Although Plaintiffs satisfy each of the four *Holmes* factors,[2] it is neither fair nor equitable to award attorneys' fees in this case for two principle reasons: (1) when Plaintiffs entered into the settlement agreement requiring them to file interpleader, they did not warn Defendants of their intent to seek compensation for attorneys' fees, and (2) Plaintiffs contractually agreed in the settlement to bear their own costs "in any way relative to the Lawsuit." Release and Settlement Agreement § C, Ex. A, PageID # 163, ECF No. 25-1.

## A. Plaintiffs Contractually Agreed to File Interpleader and did not Advise Defendants They Would Seek Attorneys' Fees.

Plaintiffs argue that Magistrate Judge King erroneously found that they agreed to file this interpleader action when she looked only to the terms of the settlement agreement instead of negotiations preceding final settlement. Plaintiffs contend that they were compelled to bring this action not because of the terms of the settlement agreement but because Rawlake refused their earlier request to escrow the funds. Requiring them to pay attorneys' fees is thus unfair,

---

[2] Plaintiffs are (1) disinterested stakeholders, (2) who have conceded liability, (3) have deposited the Disputed Sum with the court, and (4) have sought a discharge from liability. *Holmes*, 148 F. App'x at 259.

according the Plaintiffs, because they were forced to file this action to resolve a dispute over which they had no control.

Plaintiffs' contentions miss the mark. It is immaterial whether Plaintiffs reluctantly or willingly signed a settlement agreement requiring the institution of an interpleader action; the fact is they did sign such a settlement agreement. And although all parties to the settlement agreement knew that Plaintiffs would file this interpleader action, it appears undisputed that Plaintiffs never warned Defendants of their intent to seek attorneys' fees, despite ample opportunities to do so. This failure to warn holds significant equitable weight because it raises the question of whether Defendants would have ultimately agreed to escrow if they knew they could be otherwise responsible for Plaintiffs' attorneys' fees. Thus, Plaintiffs' contractual agreement to deposit the Disputed Sum with the Court and their simultaneous failure to warn Defendants of their intent to recover attorneys' fees are equitable factors disfavoring the award of Plaintiffs attorneys' fees.

## B. Plaintiffs Contractually Agreed to Bear Costs "in any way Relative" to the Prior Lawsuit.

Additionally, it would not be equitable to award attorneys' fees in this case because, as noted above, Plaintiffs agreed to "bear their own litigation costs, expenses, and attorneys' fees in any way relative to the Lawsuit." Release and Settlement Agreement § C, Ex. A, PageID # 163, ECF No. 25-1.

Plaintiffs contend that attorneys' fees for the interpleader action are not "relative" to the Prior Lawsuit. They insinuate that to be "relative," the interpleader action must have been connected to the merits of the Prior Lawsuit's underlying claims. Reasoning that none of the allegations asserted in the Prior Lawsuit (dealing with the Energizer Partnership) mention the subject of this case (the Disputed Sum), Plaintiffs assert that attorneys' fees are the subject of an entirely separate, "unanticipated dispute" that arose after the Prior Lawsuit was resolved. Therefore, Plaintiffs maintain, because the settlement agreement does not expressly address the issue of attorneys' fees for this interpleader action, fairness and equity favor their recovery of fees.

The Court finds the interpleader action is relative to the Prior Lawsuit. Plaintiffs' narrow reading of the term "relative" is inconsistent with the broad, plain language of the settlement agreement, which obliges each party to pay its own attorneys' fees and costs "*in any way* relative" to the Lawsuit. The merits of the Prior Lawsuit may have dealt with the Energizer Partnership, but as Defendants argue, in order to resolve the Prior Lawsuit, Plaintiffs entered into a settlement agreement that required them to file this interpleader action to deal with the Disputed Sum. The interpleader action was thus an entirely anticipated, necessary condition for the settlement of the Prior Lawsuit. The only logical conclusion, therefore, is that this interpleader action is, at least in some way, relative to the Prior Lawsuit.

In sum, fairness and equity concerns do not favor compensating Plaintiffs for fees associated with the interpleader action, where they did not warn of their intent to seek attorneys' fees and contractually agreed to bear their own costs. It would therefore not be reasonable to award such fees to Plaintiffs in this case.

### IV. CONCLUSION

For the above reasons, the Court overrules Plaintiffs' objections and adopts the R&R in full. Plaintiffs shall deposit the total Disputed Sum of $76,520 with the Court, be discharged of all liability relating to the deposited funds, and be discharged from this action. Defendants are enjoined from prosecuting any other proceeding related to the deposited funds. Finally, Plaintiffs' request for attorneys' fees is denied. The Clerk shall terminate ECF Nos. 21 & 41.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**