# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JOHN H. WARD, et al.,

      Plaintiffs,

  v.                                                         Civil Action 2:14-cv-848
                                                            Judge Michael H. Watson
                                                            Magistrate Judge Jolson

TODD RAWLAKE, et al.,

      Defendants.

## ORDER

This matter is before the Court on a Motion for Leave to File Document Under Seal filed by Jim S. Hall & Associates, LLC and Jim S. Hall (the "Movants"). (Doc. 78). For the reasons set forth below, the Motion is **DENIED without prejudice**.

## I. STANDARD

A district court may enter a protective order during discovery on a mere showing of "good cause." Fed. R. Civ. P. 26(c)(1). "[V]ery different considerations apply" when a party seeks to seal documents "[a]t the adjudication stage," which applies "when the parties place material in the court record." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, No. 15-1544, 2016 WL 3163073, at *3 (6th Cir. June 7, 2016) (quotation omitted). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Shane*, 2016 WL 3163073, at *3 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason,

the moving party owns a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1179); *see id.* ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)). "[T]he seal itself must be narrowly tailored to serve that reason," which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* (quotation omitted). Similarly, the court "that chooses to seal court records must set forth specific findings and conclusions which justify nondisclosure." *Id.* at *4 (quotation omitted).

## II. DISCUSSION

The Sixth Circuit's recent decision in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan* provides guidance for the Motion to Seal. There, "[n]umerous court filings" were filed under seal on the ground that they "contained materials designated as confidential under [a joint] protective order." *Graiser v. Visionworks of Am., Inc.*, No. 1:15-CV-2306, 2016 WL 3597718, at *1 (N.D. Ohio July 5, 2016); *see Shane*, 2016 WL 3163073, at *4. The Sixth Circuit held that such reasoning was "inadequate" to seal the documents at issue because it was "brief" and "perfunctory." *Shane*, 2016 WL 3163073, at *4.

Here too, the Movants offer a brief and perfunctory explanation of why a seal is necessary. Similar to *Shane*, the sole justification for seeking to file the documents under seal is that they will rely on material terms of the Settlement Agreement, which is subject to a Protective Order. (Doc. 78 at 1–2). As Mr. Rawlake has argued in opposing the Motion to Seal, the Movants fail to demonstrate why reference to confidential settlement terms or communications is necessary in the motion to strike. (Doc. 82 at 2). Furthermore, the Movants have not addressed

2

whether the seal itself could be narrowly tailored by, for example, filing redacted documents on the public docket.  Thus, the Movants do not meet the heavy burden to justify sealing the entirety of multiple documents at the adjudication stage.  *Shane*, 2016 WL 3163073, at *4–5 (noting that "specificity is essential").

### III. CONCLUSION

For the reasons stated, the Motion to Seal (Doc. 78) is **DENIED without prejudice**.

IT IS SO ORDERED.


Date:  May 15, 2017                                   /s/ Kimberly A. Jolson
                                                                     KIMBERLY A. JOLSON
                                                                     UNITED STATES MAGISTRATE JUDGE